UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

———————————

No. 16-6152 (capital case)

———————————

DAVID SANDERS,
Petitioner-Appellant,

v.

LAURA PLAPPERT,
Warden, Kentucky State Penitentiary,
Respondent-Appellee.

———————————

# MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

The United States respectfully requests leave to appear at oral argument in this case to defend the constitutionality of 28 U.S.C. § 2254(d)(1).

1. Petitioner- Appellant David Sanders, a Kentucky state prisoner, has appealed the district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. On October 16, 2024, after the parties submitted their respective briefs, this Court granted Sanders's motion for supplemental briefing to address the constitutionality of 28 U.S.C. § 2254(d)(1)—the statute defining the standard of review for federal habeas courts reviewing state-court criminal adjudications—in the wake of *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). *See* 6th Cir. Dkt. No. 166-1. The following day, the Clerk of Court sent a letter to the Attorney General, giving notice under Federal Rule of

Appellate Procedure 44(a) that the constitutional validity of Section 2254(d)(1) had been challenged. *See* 6th Cir. Dkt. No. 167-2.

2. On November 12, 2024, the United States exercised its statutory right to intervene under 28 U.S.C. § 2403(a) to defend the constitutionality of Section 2254(d)(1). *See* 28 U.S.C. § 2403(a) ("In any action … in a court of the United States to which the United States … is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn into question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene … for argument on the question of constitutionality."). The United States subsequently filed its intervenor brief.

3. This Court previously scheduled oral argument in this matter for January 29, 2025.

4. Consistent with Sixth Circuit Rule 34(e), the United States requests leave to appear at oral argument. In his appeal of the district court's order denying habeas relief, Sanders challenges the constitutionality of 28 U.S.C. § 2254(d)(1)—a statutory provision that comes into play in virtually every federal habeas proceeding brought by a state prisoner. This litigation accordingly implicates "the constitutionality of any Act of Congress affecting the public interest." 28 U.S.C. § 2403(a). In such circumstances, federal law

contemplates the United States' right to participate in this proceeding, including at oral argument, for the specific purpose of defending the Act of Congress.

4. The United States contacted counsel for Sanders and the Warden. Neither objected to the United States' participation at oral argument.

If the Court grants this motion, the United States respectfully requests 15 minutes to present oral argument defending Section 2254(d)(1)'s constitutionality. The United States further requests that Sanders's allotted time be enlarged to 45 minutes, which reflects 15 additional minutes to respond to the United States' intervenor arguments. The Warden's allotted time would remain at 30 minutes.

Counsel for Sanders and the Warden consent to this proposed schedule for oral argument.

Respectfully submitted,

NICOLE M. ARGENTIERI
Principal Deputy Assistant
  Attorney General

LISA H. MILLER
Deputy Assistant Attorney General

/s/David M. Lieberman
DAVID M. LIEBERMAN
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 262-6805
david.lieberman@usdoj.gov

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 464 words.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared on a proportionally spaced typeface using Microsoft Word in 14-point Calisto MT font.

                                          /s/David M. Lieberman

# CERTIFICATE OF SERVICE

I certify that, on November 21, 2024, I served an electronic copy of this motion on all counsel of record via the Court's ECF system:

                                          /s/David M. Lieberman